2016 ND 136

**In the Interest of G.A.S.**

**J.S., Petitioner and Appellee**

v.

**G.A.S., Respondent and Appellant.**

**No. 20160212.**

Supreme Court of North Dakota.

June 30, 2016.

Ryan A. Keefe, Assistant State's Attorney, Bismarck, N.D., for petitioner and appellee; submitted on brief.

Gregory I. Runge, Bismarck, N.D., for respondent and appellant; submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] G.A.S. appealed a district court order authorizing involuntary treatment with prescribed medication. We conclude the district court did not violate G.A.S.'s statutory rights by accepting testimony from one of G.A.S.'s treating psychiatrists, and the court's factual findings are supported by the evidence. We affirm.

I

[¶ 2] On May 12, 2016, G.A.S.'s mother petitioned for involuntary commitment at

St. Alexius Medical Center in Bismarck after hospital personnel became concerned about G.A.S.'s health because he refused psychiatric medication. G.A.S. waived a preliminary hearing, and on May 17, 2016, the district court ordered him involuntarily committed for 14 days. On May 20, 2016, G.A.S.'s treating psychiatrist, Dr. Diane Nelson, filed a request to treat G.A.S. with prescribed medication. Dr. Stephanie Jallen signed the request to treat with medication as "another ... psychiatrist ... not involved in the current diagnosis or treatment of [G.A.S.]." A treatment hearing and medication hearing were scheduled for May 31, 2016. G.A.S. waived the treatment hearing and acknowledged he is a person requiring treatment under N.D.C.C. § 25–03.1–02(13). At the medication hearing, Dr. Jallen testified as G.A.S.'s treating psychiatrist and stated G.A.S.'s mental condition would continue to deteriorate if he did not take prescribed medication. At the conclusion of the hearing the district court ordered involuntary treatment with the prescribed medication Zyprexa for 90 days.

## II

[¶ 3] G.A.S. argues the district court should have denied the request to treat with medication because Dr. Jallen testified as G.A.S.'s treating psychiatrist in violation of N.D.C.C. § 25–03.1–18.1(1)(a). G.A.S. argues Dr. Jallen, who signed the request as a psychiatrist not involved in G.A.S.'s current treatment, should not have been involved in any way, shape or form with G.A.S.'s treatment regimen other than to review his chart and consult with Dr. Nelson to determine his medication needs.

■ [¶ 4] Under N.D.C.C. § 25–03.1–29, an appeal from an involuntary treatment order is "limited to a review of the procedures, findings, and conclusions of the lower court." A district court's decision to order involuntary treatment with medication must be based upon clear and convincing evidence, and this Court reviews the district court's findings under a more probing clearly erroneous standard of review. *In re M.M.*, 2005 ND 219, ¶ 9, 707 N.W.2d 78. "Under this more probing standard, 'we will affirm an order for involuntary treatment unless it is induced by an erroneous view of the law or if we are firmly convinced it is not supported by clear and convincing evidence.'" *Id.* (quoting *In re P.B.*, 2005 ND 201, ¶ 5, 706 N.W.2d 78).

■ [¶ 5] Section 25–03.1–18.1, N.D.C.C., governs court-authorized involuntary treatment with prescribed medication. Section 25–03.1–18.1(1)(a), N.D.C.C., provides:

Upon notice and hearing, a treating psychiatrist may request authorization from the court to treat an individual under a mental health treatment order with prescribed medication. The request may be considered by the court in an involuntary treatment hearing. *As a part of the request, the treating psychiatrist and another licensed physician, physician assistant, psychiatrist, or advanced practice registered nurse not involved in the current diagnosis or treatment of the patient shall certify:*

(1) That the proposed prescribed medication is clinically appropriate and necessary to effectively treat the patient and that the patient is a person requiring treatment;

(2) That the patient was offered that treatment and refused it or that the patient lacks the capacity to make or communicate a responsible decision about that treatment;

(3) That prescribed medication is the least restrictive form of intervention

necessary to meet the treatment needs of the patient; and

(4) That the benefits of the treatment outweigh the known risks to the patient.

(Emphasis added.)

[¶ 6] A request to treat with prescribed medication requires two signatures. N.D.C.C. § 25–03.1–18.1(1)(a). One from the patient's treating psychiatrist and one from another medical professional not involved in the patient's current diagnosis or treatment. *Id.* Here, the request to treat with medication was signed on May 20, 2016, by Dr. Nelson as G.A.S.'s treating psychiatrist. Dr. Jallen signed the request as another psychiatrist not involved in G.A.S.'s current diagnosis or treatment.

[¶ 7] At the medication hearing on May 31, 2016, Dr. Jallen explained how she subsequently became involved in G.A.S.'s treatment:

Q: And how have you become familiar with him?

A: I was asked initially to come down and do a second opinion about a week and a half ago regarding—requesting ongoing treatment and then starting last Thursday [May 26] I became the treating physician in the other physician's [Dr. Nelson] absence.

Q: And before you became the treating physician, could you explain a little bit kind of what that entailed in terms of your interaction with him?

A: Right. So that first visit I had just gone down to interview him and see if, you know, I felt that he—due to his mental illness he really did need ongoing treatment in the hospital and such as signed off that I agreed with that and that he really would benefit from medication treatment.

. . . .

Q: Okay. So my question though is that did you review the request to treat with medication form that Doctor Nelson filled out?

A: Yes, I did.

Q: And you signed it?

A: Yes.

Q: And was signed on May 20th, correct?

A: Right. That was when I had done the second opinion.

[¶ 8] After Dr. Jallen testified, G.A.S. argued the request to treat with medication should be dismissed because N.D.C.C. § 25–03.1–18.1(1)(a) does not allow two psychiatrists to be involved in a patient's treatment. The district court rejected his argument and accepted Dr. Jallen's testimony as evidence in favor of ordering treatment with prescribed medication.

[¶ 9] G.A.S. argues N.D.C.C. § 25–03.1–18.1(1)(a) prohibits the individual certifying a request to treat with medication from later becoming involved in the patient's treatment. We disagree. A plain reading of the statute requires that, at the time of the request, the individual certifying the request not be involved in the patient's current diagnosis or treatment. Dr. Jallen's uncontradicted testimony indicates she provided Dr. Nelson with a second opinion and certified the request to treat G.A.S. with prescribed medication on May 20, 2016. Dr. Jallen testified she later became G.A.S.'s treating psychiatrist in Dr. Nelson's absence on May 26, 2016. The statute does not prohibit the individual certifying a request to treat with medication from later becoming involved in the patient's treatment. We conclude the district court did not err in accepting Dr. Jallen's testimony regarding the request to treat G.A.S. with prescribed medication.

### III

 [¶ 10] G.A.S. argues the district court failed to make proper findings of fact and conclusions of law. For a district court to order treatment with prescribed medication, it must find by clear and convincing evidence, the four factors under N.D.C.C. § 25–03.1–18.1(1)(a)(1)–(4):

(1) That the proposed prescribed medication is clinically appropriate and necessary to effectively treat the patient and that the patient is a person requiring treatment;

(2) That the patient was offered that treatment and refused it or that the patient lacks the capacity to make or communicate a responsible decision about that treatment;

(3) That prescribed medication is the least restrictive form of intervention necessary to meet the treatment needs of the patient; and

(4) That the benefits of the treatment outweigh the known risks to the patient.

[¶ 11] At the conclusion of the medication hearing, the district court found:

I do find that by virtue of [Doctor Jallen's] testimony that she has given by clear and convincing evidence that medication is clinically appropriate to affectively [sic] treat the respondent. I also find the record does reflect that the respondent has refused that medication, lacks capacity to communicate a reasonable decision. I also find it's the least restrictive means of intervention in this instance. And the Court finds by clear and convincing evidence that warrants authorization for Doctor Jallen to initiate medication by way of Zyprexa.

[¶ 12] Dr. Jallen's testimony establishes each of the factors under N.D.C.C. § 25–03.1–18.1(1)(a)(1)–(4). Dr. Jallen testified G.A.S. would benefit from medication and without medication G.A.S. poses a risk of harm to himself, G.A.S. refused treatment with Zyprexa, alternative medications and treatments were considered and Zyprexa would be the most effective form of treatment for G.A.S., and the benefits of medication outweigh the risks to G.A.S. The district court found the statutory factors were proven by clear and convincing evidence, and we conclude the court's findings are not clearly erroneous.

### IV

[¶ 13] The order authorizing involuntary treatment with medication is affirmed.

[¶ 14] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.